UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ROBERT LYNN,

                         Plaintiff.

             - against -

THE CITY OF NEW YORK AND JOHN DOE
CORRECTIONS OFFICER WHO OPERATED
CORRECTIONS BUS 394B ON OCTOBER 20,
2022,

                       Defendants.
----------------------------------------------------------------------X

**CIVIL COMPLAINT**

Case Number: 23-7871

**JURY TRIAL DEMANDED**

Plaintiff Robert Lynn, by his attorneys, Law Office of Caner Demirayak, Esq., P.C., complaining of the Defendants, respectfully alleges as follows:

**Introduction**

1. The New York City Department of Correction ("NYCDOC") is charged with safeguarding and transporting pre-trial detainees to and from Rikers Island and to the various court facilities within the City of New York.

2. NYCDOC is also responsible for ensuring that those pre-trial detainees under their care are not injured and if injured to receive prompt and adequate medical care.

3. NYCDOC failed to uphold its mission and obligations to Robert Lynn on October 20, 2022. It has also been established as of this date that NYCDOC has engaged in a pattern and practice of deliberate indifference to inmate health and safety as per numerous investigations, court decisions, and public statements by City of New York and NYCDOC officials.

4. On that day, while Robert Lynn was chained to another inmate with his back to the rear window of Bus 394B, the bus was involved in a collision with bus 434B. Robert and several other inmates were injured.

5. The operator of Bus 394B refused to report the incident, call for an ambulance or file any police motor vehicle collision reports.

6. DOCS would then deny any medical treatment to Robert resulting in a delay of nine (9) hours before he would be treated for his serious, permanent and debilitating shoulders, lower back and neck injuries.

7. Robert was forced to go into the criminal court, wait in the holding pen and then limp to see his assigned Judge in agony.

8. Although the court conference was over in a short period of time, Robert was then made to wait another three (3) hours before being transported back to Rikers Island.

9. There was no sense of urgency or care for his medical injuries. This was deliberate and indifferent.

10. Ultimately Robert would be seen by medical at around 7:00 p.m., after waiting more than 9 hours from the crash which occurred around 9:30 a.m.

11. Thereafter he would receive some basic diagnostic scans, medication and see a medical professional twice. No other treatment was provided to him.

12. After Robert was transferred to the Onondaga County Justice Center, requests for his medical records from Rikers were delayed for months, thereby causing issues for his medical treatment.

13. Plaintiff now brings this civil rights action seeking relief for the violation of plaintiff's rights secured by 42 USC 1983, 1985, and 1988, the Fourteenth Amendment to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive Due Process rights to be free from deliberate indifference to his medical needs.

14. Plaintiff also brings this action for personal injuries sustained by the negligence of the Corrections Officer operating Bus 394B in causing a motor vehicle crash. This court has jurisdiction over such claim as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. This court would otherwise have supplemental jurisdiction as it arises from the same nucleus of common facts as the claims under 42 U.S.C. 1983.

15. Plaintiff seeks compensatory and punitive damages from the individual defendant, compensatory damages from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## **Jurisdiction**

16. This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

17. As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

18. Plaintiff exhausted all administrative remedies prior to commencement of this action.

19. Plaintiff filed prison grievances which were not addressed or otherwise rendered futile.

20. Plaintiff timely filed a Notice of Claim with the Office of the Comptroller within 90 days of accrual of his local and state law claims. He complied with or the City waived all other requirements and conditions precedent to suit. This action is now filed timely within 1 year and 90 days of accrual.

## **Venue**

21. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as such district in the district in which the claims herein arose.

**Parties**

22. At all relevant time periods, Plaintiff, Robert Lynn was a pre-trial detainee in the custody of NYCDOC. At the time of the incident he was in the direct custody and control of defendant, JOHN DOE CORRECTIONS OFFICER WHO OPERATED CORRECTIONS BUS 394B ON OCTOBER 20, 2022, who was transporting him for a court appearance in Queens County, Supreme Court. Plaintiff now resides in the State of North Carolina.

23. At all relevant time periods, Defendant, JOHN DOE CORRECTIONS OFFICER WHO OPERATED CORRECTIONS BUS 394B ON OCTOBER 20, 2022, was a correction officer of the NYCDOC assigned to transport plaintiff on Bus 394B to and from Queens County, Supreme Court. This defendant is a resident of the State of New York.

24. At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

25. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

26. Defendant THE CITY OF NEW YORK maintains the NYCDOC, a duly authorized public authority, authorized to perform all functions of a correction department as per the applicable sections of the municipal corporation, THE CITY OF NEW YORK. This defendant is a resident of the State of New York.

27. At all times hereinafter mentioned, the individually named defendants, were duly sworn correction officers of said department and were acting under the supervision of said department and according to their official duties.

**Statement of Facts**

28.     On or about October 2022 plaintiff Robert Lynn was arrested and although he pled not guilty, was unable to post the excessively set bail. As such, Lynn became a pre-trial detainee under the custody and control of NYCDOC.

29.     On October 20, 2022 Lynn was scheduled for a status conference in Queens County, Supreme Court at 125-01 Queens Boulevard.

30.     As such Lynn was to be transported from the Vernon C. Bain Center ("VCBC") on Rikers Island to Queens County, Supreme Court: Criminal Term.

31.     Lynn and several other inmates were brought onto Bus 394B for transport to court.

32.     Lynn was chained to another inmate.

33.     Lynn was seated with his back against the rear window of the bus with no cushioning.

34.     The driver of Bus 394B drove to the loading area at the Queens County, Supreme Court for detained persons.

35.     The driver of Bus 394B then began to listen to music or a video on his phone.

36.     Then around 9:30 a.m., the driver began to drive the bus but carelessly collided with Bus 434B which was stopped.

37.     As a result of the impact, Lynn's body was strained and pulled and his back made contact with the rear window of his bus.

38.     Lynn immediately felt pain in his shoulders, back, lower back and neck.

39.     Lynn told the driver he was in pain and needed medical treatment.

40.     However, the driver did not care and stated he would have to wait until he is brought back to VCBC after court.

41. The driver did not report the incident to his superiors.

42. The driver did not ask to make a crash report.

43. The driver did not call for an ambulance.

44. The driver then had Lynn leave the bus and go into the holding cell inside the courthouse. Lynn was limping and in agony.

45. Lynn was brought into the courtroom for a brief appearance and was still limping and in agony.

46. Lynn was then brought back into the holding cell and made to wait for another 3 hours in agony.

47. There was no urgency or care by defendants despite Lynn complaining of pain and demanding medical attention.

48. Lynn would then be brought back onto the bus while he was still in agony and severe pain.

49. Lynn would be driven back to VCBC and still did not receive immediate medical treatment.

50. Eventually he would be treated by medical staff at around 7:00 p.m., or more than nine (9) hours after he sustained the crash injury.

51. Lynn was still not brought to a hospital.

52. Lynn was given basic anti-inflammatory medication and no other treatment.

53. Lynn would only receive two treatments at VCBC.

54. Once Lynn was transferred to the Onadonga County Justice Center, defendants delayed in sending his medical records to the new facility, which had an impact on his medical treatment. This was in addition to the defendants refusing to report the incident all together.

## AS AND FOR A FIRST CAUSE OF ACTION
## Denial of Medical Care and Deliberate Indifference under 42 USC 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 54 with the same force and effect as if fully set forth herein.

56. Defendants are liable to plaintiff because they deliberately ignored plaintiff's need for medical treatment for a serious mental health and or medical issue or injury, or delayed such treatment deliberately and recklessly, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 USC 1983.

57. As a result of the foregoing, plaintiff Robert Lynn is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 USC 1983 Federal Civil Rights Violations

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 57 with the same force and effect as if fully set forth herein.

59. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

60. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 USC 1983.

61. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYCDOC officers. Said acts by the Defendants officers and agents were without authority of law, an abuse of their

powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution

### AS AND FOR A THIRD CAUSE OF ACTION
### Municipal Liability under 42 USC 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number 1 through 61 with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the NYCDOC, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiff Robert Lynn's rights as described herein. In addition, the NYCDOC has failed to properly train its employees with regard to the reporting misconduct and to proper prompt and proper medical treatment, and defendant City was aware that NYCDOC officers routinely deprived said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. Specifically in 2021, the commissioner of NYCDOC stated that Rikers Island was a humanitarian crisis.

66. Specifically in the March 16, 2022 report of the monitor over Rikers Island it was determined that inmates on the Island are facing unacceptable levels of fear and harm and that every single day people are in danger as a result of the practices and policies of NYCDOC.

67. Earlier in 2014 the Mayor admitted that the Island is a dehumanizing environment in which a dynamic of conflict and violence is prevalent.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYCDOC constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Robert Lynn.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYCDOC were the direct and proximate cause of the constitutional violations suffered by plaintiff Robert Lynn as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYCDOC were the moving force behind the Constitutional violations suffered by plaintiff Robert Lynn as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYCDOC, plaintiff Robert Lynn was caused to be denied and delayed proper medical treatment.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Robert Lynn's constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff Robert Lynn of federally protected rights, including, but not limited to, the rights to be free from deliberate indifference to his medical needs.

74. There is no question that the Defendants have engaged in conduct amounting to *Monell* liability. In *Clark v. City of New York*, 2023 U.S. Dist. LEXIS 104487 (S.D.N.Y. Jun. 15, 2023) (Hellerstein, D.J.), a district court found that a plaintiff plausibly stated that conditions on Rikers "were a consequence of the City's de facto policy and custom of indifference towards inmate-on-inmate violence."

75. Also, in *Small v. City of New York*, 2022 U.S. Dist. LEXIS 77603 (S.D.N.Y. Apr. 28, 2022) (Abrams, D.J.) a federal jury issued a verdict against the City on a *Monell* claim and such verdict was not disturbed on a post-trial motion. *Small* also involved misconduct and inmate-on-inmate assaults allowed by defendants by SRG Blood Hound gang member inmates.

76. Additionally, in *Tatum v City of New York*, 2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. Jan. 28, 2010) (Gardephe, D.J.), a jury found individual defendants liable for inmate-on-inmate assault. Although any *Monell* claims were not presented to the jury.

77. As a result of the foregoing, plaintiff Robert Lynn is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Negligence

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 though 77, inclusive of this Complaint, as if same were fully set forth herein at length.

79. At all times herein mentioned, Defendant was the owner of Correction Bus bearing license plate number 394B.

80. At all times herein mentioned, Defendant, JOHN DOE CORRECTIONS OFFICER WHO OPERATED CORRECTIONS BUS 394B ON OCTOBER 20, 2022 was an employee and bus operator employed by NYCDOC.

81. At all times herein mentioned, Defendant, JOHN DOE CORRECTIONS OFFICER WHO OPERATED CORRECTIONS BUS 394B ON OCTOBER 20, 2022 was the operator of the Correction Bus, bearing license plate number 394B.

82. At all times herein mentioned, Defendants, maintained, controlled, managed and leased the Correction Bus, bearing license plate number 394B.

83. At all times herein mentioned, Defendant, JOHN DOE CORRECTIONS OFFICER WHO OPERATED CORRECTIONS BUS 394B ON OCTOBER 20, 2022 operated the Correction Bus bearing license plate number 394B with the permission, consent, knowledge and within the scope of his employment with Defendant THE CITY OF NEW YORK.

84. At all times herein, mentioned, the loading area at Queens County, Supreme Court 125-01 Queens Boulevard, State of New York, County of Queens was used extensively by the Defendants.

85. That on October 20, 2022 at 9:30 a.m., Plaintiff, Robert Lynn was a passenger in the Correction Bus bearing license plate number 394B, at the aforementioned location.

86. That on October 20, 2022 at 9:30 a.m., at the aforementioned location, the Correction Bus bearing license plate number 394B owned and operated by Defendants came into violent contact another Correction Bus bearing license plate number 434B, also owned by Defendant and operated by one of its employees.

87. That the aforementioned collision was caused by the negligence of the defendants in failing to use reasonable care under the circumstances and failing to see what there was to be

11

seen by moving the buses without looking carefully and failing to observe the other's plaintiff's completely stopped vehicle and then striking such vehicle.

88. That the aforementioned collision was caused by the defendants' violation of the New York State Vehicle and Traffic Law.

89. That in operating Correction Bus bearing license plate number 394B defendants were careless and imprudent.

90. That defendants had a full opportunity to avoid the collision but failed to take reasonable precautions.

91. That in operating the Correction Bus bearing license plate number 394B defendants failed to safely look, see, stop, yield, to observe the roadway, and failed to maintain the aforesaid Correction Bus under due and proper control.

92. That as a result of the aforesaid contact between motor vehicles, Plaintiff was seriously and permanently injured.

93. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

94. The Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid motor vehicles and the Defendants were otherwise negligent, careless and reckless in the circumstances then and there prevailing.

95. That by reason of the foregoing, Plaintiff, Robert Lynn sustained severe and permanent personal injuries and was otherwise damaged.

96. That Plaintiff, Robert Lynn sustained a serious injury as defined by section 5102 of the Insurance law of the State of New York.

97. That Plaintiff, Derwin Salters sustained serious injury and economic loss greater than basis economic loss as defined by section 5014 of the Insurance Law of the State of New York.

98. That Plaintiff, Robert Lynn, sustained severe, serious and permanent injuries to his neck and lower back, which have and will continue to necessitate treatments by orthopedic surgeons, chiropractors, and physical therapists and require plaintiff to receive injections, diagnostic testing, medication, and spinal surgery.

99. That Plaintiff, Robert Lynn is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault or for which no-fault is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

100. That this action falls within one or more of the exceptions set forth in CPLR section 1602.

101. That by reason of the foregoing, Plaintiff, Robert Lynn has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, which exceeds $75,000.00, exclusive of interest or costs.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

I. Compensatory damages in an amount to be determined by a jury of at least $500,000;

II. Punitive damages in an amount to be determined by a jury of at least $1,000,000;

III. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

                                      THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
       October 20, 2023                        /s/_____

                                      Caner Demirayak, Esq.
                                      300 Cadman Plaza West
                                      One Pierrepont Plaza, 12th Floor
                                      Brooklyn, New York 11201
                                      718-344-6048
                                      caner@canerlawoffice.com